NICHOLS & SHEPARD COMPANY, Appellant, v. BRYEANS et al., Respondents.

St. Louis Court of Appeals, February 27, 1906.

1. **SALES: Machinery: Notice of Failure to Work: Waiver.** In the sale of a threshing machine with warranties, the contract provided that in case of failure of the machine to meet the warranties, the purchaser should within five days give notice by registered letter. The machine failed to work and the purchaser notified the warrantor in due time by unregistered letter, upon which the latter acted and endeavored to fix the machine. *Held*, the registering of the letter was waived.

2. ——: ——: ——: **Evidence.** In an action for the purchase price of the machine in such case, the evidence is examined and held to justify a finding by the jury that the letter of notice sent by the purchaser sufficiently stated that the machine would not work.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley, Judge.*

AFFIRMED.

*Russell & Deal* for appellant.

The court committed error in refusing plaintiff's peremptory instruction offered at the close of the defendants' case. There was not one word of testimony on the part of defendants tending to show that they had complied with the terms of the written order in regard to the notice of the defects in the machinery which they were required to give. In fact, the defendants do not allege in their answer that they complied with the conditions precedent contained in the contract of sale. This being true, plaintiff's peremptory instruction should have been given. Nichols & Shepard Co. v. Rhoadman, 87 S. W. 62; Hoster v. Lang, 80 Mo. App. 234.

*Marshall Arnold* and *H. C. O'Bryan* for respondent.

GOODE, J.—This is an action on a promissory note given for part of the purchase price of some machinery, which is designated in the written contract of purchase as one Belted Red River Special Separator, a Sattley Stacker and one Nichols & Shepard Bagger and Weigher. According to the contract, the machinery, with the usual fixtures and extras which accompany such machines, was to be shipped for the defendants "to or in care of V. Heiserer at Morley or Blodgett on or about May 20, 1903." The machinery did not get to Morley until June 20th. Certain warranties, material to the issues, are contained in the contract. It is provided that the separator, stacker and bagger and weigher, or other machinery attachments mentioned in the contract, were sold as separate and distinct machines, at separate and distinct prices, and further that each of said machines, properly managed, was "capable of doing more and better work than any other machine made of like size and proportion, working under the same conditions and on the same job." The contract provided that if those warranties were not met the purchasers should, within five days from the first use of the machinery, give written notice to Nichols & Shepard Company at Battle Creek, Michigan, by registered letter, and also notice to the local dealer from whom the purchased property was received, stating how and wherein it failed to fill the warranties; that thereupon, a reasonable time should be allowed the company to get to the machine with workmen and remedy the defects; but, if after giving such notice and opportunity, the machine could not be made to fill the warranties, it should be returned to Nichols & Shepard Company at the place where it was received. The contract was in all material respects similar to the one involved in the case of Nichols & Shepard Co. v. Rhoadman, 112 Mo. App. 299, 87 S. W. 62. The separator and stacker were shipped to Heiserer, plaintiff's local agent at Morley, Missouri, but the "bagger and weigher" was never delivered. The machine was

Nichols & Shepard Co. v. Bryeans.

set up and put into use by the defendants, and the same day or the day after, defendants executed the note in suit and the other notes given for the purchase price. Practically all the testimony on the question of whether the machinery complied with the warranties showed an utter failure to comply. The separator would not work at all and the belting which ran it couldn't be kept on the pulleys, the witnesses said. Heiserer's own testimony made a case on the merits for the defendants, for he swore the machine could not be made to work. He seems to have endeavored faithfully to adjust it so it would. If testimony can prove any fact, it was proved that the treshing machine sold to the defendants would not thresh. The contention on the appeal relates exclusively to the notice given by the defendants of the infirmities in the machinery. It is asserted that this notice was not given in due time nor by registered letter, as the contract required. The testimony is well-nigh conclusive that both the plaintiff itself and Heiserer, its local agent, were notified by letter that the separator was a failure within two or three days after the defendants began to work with it. The contract provided for notice within five days thereafter. Really, the only point of controversy is in respect to the failure of the defendants to register the letter in which they gave notice to the plaintiff. It is conceded that this letter was not registered but it is palpable from the testimony that it was received in due course of mail by the plaintiff. Its secretary testified about the contents, saying that the only matter of complaint was that plaintiff had sent no man to set the machinery up in the field and start it to working; but that no complaint was made in regard to the failure of the machinery to comply with the warranties. If this was a fact, the defendants had no defense to the action on the note and the court so instructed the jury. The contract contained no clause requiring the plaintiff to furnish a man to start the machine. But the defendants themselves, and John W. Digsby, who acted as their amanuen-

sis in writing the letters, testified that notice was given that the machine had totally failed to work and that the belts could not be kept on it ten minutes. In other words, their testimony went to show due notice had been given of the failure of the separator to comply with the warranties, whereupon it became the plaintiff's duty to send workmen to fix it so it would operate. Of course, the letters themselves would have been the best evidence of their contents, but secondary evidence was admitted without objection. Therefore, as to whether or not sufficient notice in writing was given to the plaintiff of the failure, was to be decided by the jury unless the defendants are shut off from any defense by omitting to register the letter. It suffices to say as to this matter that Heiserer, the plaintiff's agent, acted on the notice and undertook to make the machinery work but could not do it. The plaintiff itself answered the notice from defendants, contending that it was not plaintiff's business to send a man to look after the machine and that if the defendants would set it up and go to work with it, it would be found to operate well. The impression to be gathered from the testimony of the secretary and his written answer to the defendants' letters, is that the defendants were insisting on a man being sent to start the machine, whereas the plaintiff was insisting that no such duty was incumbent on it. Now, if this testimony was intended to produce the belief that the defendants complained of nothing except that no one had been furnished to set up the machinery in the field and start it, it is directly opposed to the conceded facts. The note and chattel mortgage for the purchase money were not signed until the machine had been set up and started by Heiserer, plaintiff's agent, who went from Illinois for that purpose on plaintiff's order. The conclusion is irresistible that the complaint of the defendants must have been regarding the operation of the machine, and that their request for a workman was not one to start the machinery, which they had no right to demand, but one to put it in

working order, which they had a right to demand. We think the registering of the letter was waived by the response the plaintiff made to the notice and its attempt through its agent to fix the machine. Plaintiff acted on it and made no point about it not being registered. It certainly received the notice in time, and what more could registration have accomplished? The case really turned on its merits and the jury were fully justified in finding those were on the side of the defendants. In fact, a part of the machinery was never delivered at all and what was delivered was inefficient. Our examination of the evidence and instructions has revealed no reason to reverse the judgment. It is therefore affirmed.